UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
In Admiralty

Case No.: 25-cv-5640

ACCELERANT NATIONAL INSURANCE COMPANY,

    Plaintiff,

v.

OA 45 LLC, and UNIBANK FOR SAVINGS,

    Defendants.
_____/

## COMPLAINT FOR DECLARATORY JUDGMENT

Plaintiff, ACCELERANT NATIONAL INSURANCE COMPANY ("Accelerant"), hereby sues the Defendants, OA 45 LLC ("OA 45") and UNIBANK FOR SAVINGS ("UniBank") for a declaratory judgment, and as grounds therefor states as follows:

### JURISDICTION AND VENUE

1. This is an action for a declaratory judgment pursuant to 28 U.S.C. § 2201.

2. Plaintiff designates this as an admiralty and maritime cause within the meaning of Fed. R. Civ. P. 9(h). This Court has subject-matter jurisdiction pursuant to 28 U.S.C. § 1333, as it involves a dispute regarding a marine insurance contract. Plaintiff invokes the provisions of Rule 9(h), 38(e), and 82 of the Federal Rules of Civil Procedure.

3. Venue is proper within the United States District Court for the Eastern District of New York pursuant to 28 U.S.C. § 1391(b) because the defendant insured, OA 45, resides in this district and because a forum-selection clause in the insurance policy at issue in this case designates New York as the appropriate venue.

4. All conditions precedent to the filing of this action have occurred, been waived, or have otherwise been complied with.

5. Pursuant to the requirements of 28 U.S.C. § 2201 and Article III, Section 2 of the United States Constitution, a case or controversy exists and has existed between the Parties since the beginning of this action, such that an action for declaratory judgment is ripe and appropriate.

## PARTIES

6. At all times material to this action, Accelerant is and was a corporation organized and existing under the laws of the state of Delaware, with an office and principal place of business in the State of Georgia.

7. At all times material to this action, OA 45 is and was a corporation organized under the laws of the State of New York with its principal place of business in the State of New York.

8. At all times material to this action, UniBank is and was a corporation organized under the laws of the State of Massachusetts with its principal place of business in the State of Massachusetts.

## FACTUAL ALLEGATIONS

9. This action arises out of the partial sinking of OA 45's vessel, a 2020 45' Ocean Alexander with hull identification number OAF45005F920 (the "Vessel"), while undergoing repowering and service by Grand Slam Marine ("Grand Slam") in Fort Lauderdale, Florida on or around June 25, 2025 (the "Incident").

10. OA 45 sought coverage for the Incident under a Seafarer Marine Yacht Policy issued to OA 45 by Accelerant, policy number N0036YB000808-00, with effective dates of December 4, 2024, to December 4, 2025 (the "Policy"). *See* Policy, attached hereto as **Exhibit A**.

11. When applying for the Policy, OA 45's broker submitted a quote request to underwriting on November 8, 2024 ("Initial Quote Request"), noting that although OA 45 was purchasing the Vessel in Florida, the Vessel would be brought back up to the Northeast in April 2025, where it would be permanently based in New Jersey. *See* Application Correspondence email chain, p. 7, attached hereto as **Exhibit B**.

12. The Initial Quote Request email also noted that OA 45 was purchasing the Vessel with quadruple engines but was considering repowering the Vessel with triple engines rather than the quadruple engines. *See* **Exhibit B**, p. 7.

13. The initial application form submitted with the Initial Quote Request email listed the Vessel with four (4) Mercury 350 engines with 1400 total horsepower and an insured value of $565,000 (the "Initial Application"). *See* Initial Application, attached hereto as **Exhibit C**.

14. The Initial Application also listed both the summer and winter mooring locations of the Vessel as Sea Bright, New Jersey. *See* **Exhibit C**.

15. Based on the information in the Initial Application, underwriters provided an initial insurance quote for $565,000 in hull coverage for a premium of $5,933 (the "Initial Quote"). *See* Initial Quote, attached hereto as **Exhibit D**.

16. On December 2, 2024, OA 45's broker emailed underwriting advising that OA 45 was moving forward with repowering the Vessel with triple engines, that the cost of the engines was $92,500 and that the new total insured value of the Vessel was $657,500, and requested an updated quote (the "Revised Quote Request"). *See* **Exhibit B**, p. 4-5.

17. Based on the OA 45's Revised Quote Request, on December 4, 2024, underwriting provided a revised quote for $657,500 in hull coverage for a premium of $7,904 (the "Revised Quote"). *See* Revised Quote attached hereto as **Exhibit E**.

3

18. On December 4, 2024, OA 45 then provided a completed, signed application listing three (3) Mercury 600 engines with 1800 total horsepower and an insured value of $657,500 (the "Signed Application"). *See* Signed Application attached hereto as **Exhibit F**.

19. The Signed Application also lists both the summer and winter mooring locations of the Vessel as Sea Bright, New Jersey with the caveat of "Florida until Spring just this season for delivery." *See* Signed Application, **Exhibit F**.

20. Relying on OA 45's representations, Accelerant issued the Policy. *See* Policy, **Exhibit A**.

21. The Policy provided hull and machinery coverage for the Vessel of $657,500, subject to a $13,150 deductible. The Policy further provided, in relevant part, as follows:

> **DECLARATIONS PAGE**
>
> **Navigational Limits:**
>
> The tidal and coastal waters of the Atlantic and Gulf Coast of the United States and Canada from St. Johns Newfoundland, to Brownsville, Texas, including the Great Lakes, Bahamas, Turks & Caicos and Bermuda. During the period of June 1 to November 1, both dates inclusive, navigation is restricted not south of Cape Hatteras, North Carolina. Unless specifically agreed to by endorsement to this policy, the Navigational Limits exclude the coastal or territorial waters of Cuba and Haiti.
>
> …
>
> **Name and Address of Loss Payee (if any):**
>
> Unibank for Savings ISAOA ATIMA
>
> PO Box 3445
>
> Coppell, TX 75019
>
> \*    \*    \*
>
> SECTION I – PROPERTY INSURANCE
>
> COVERAGE A – HULL & EQUIPMENT

4

WHAT IS COVERED

**We** will cover the **insured yacht** against risks of direct physical loss or damage caused by or resulting from a covered cause of loss, while the **insured yacht** is afloat or ashore within the navigational limits specified on the Declarations Page or while being transported on any licensed and registered land conveyance within the United States and Canada.

\* \* \*

GENERAL CONDITIONS AND EXCLUSIONS APPLICABLE TO ALL COVERAGES

NAVIGATIONAL LIMITS

No coverage will be provided by this policy when the **insured yacht** is being used, stored afloat or ashore or navigated outside the navigational limits specified on the Declarations Page or by endorsement to this policy.

…

FRAUD AND CONCEALMENT

This policy is null and void if **you** or **your** agent has omitted, concealed, misrepresented, sworn falsely, or attempted fraud in reference to any matter relating to this insurance before, during or after any loss, damage or **occurrence**.

…

CHOICE OF LAW AND JURISDICTION

This policy shall be construed in accordance with the General Maritime Law or Admiralty Rule. If no General Maritime Law or Admiralty Rule applies then the law of the state of New York will apply. Any dispute arising under or in connection with this policy or related to any matter which is subject to this policy shall be subject to the exclusive jurisdiction of the state of New York.

\* \* \* \* \*

*See* Policy, **Exhibit A**, pp. 3, 12, 23-24, 26.

22. The Policy also listed UniBank as a mortgagee via an endorsement effective December 4, 2024. See excerpt below:

| Mortgagee Name | Address | Amount of Loan |
|---|---|---|
| Unibank for Savings ISAOA ATIM | PO Box 3445<br>Coppell Texas 75019 | $520,400 |

\* \* \* \* \*

See Policy, **Exhibit A**, p. 30.

23. An actual, present and justiciable controversy exists between Accelerant and Defendants warranting the entry of a declaratory judgment by this Court.

## COUNT I – DECLARATORY JUDGMENT THAT THE LOSS DOES NOT FALL WITHIN THE COVERAGE GRANT

24. Accelerant realleges and reincorporates paragraphs 1-10 and 21-23 as if more fully set forth at length herein.

25. The Policy provides hull coverage only "while the **insured yacht** is afloat or ashore within the navigational limits specified on the Declarations Page . . . ." See **Exhibit A**, p. 12 (p. 5 of 19 in the Policy).

26. The Policy's Declarations Page includes navigational limits as follows: "[d]uring the period of June 1 to November 1, both dates inclusive, navigation is restricted not south of Cape Hatteras, North Carolina." See **Exhibit A**, p. 3.

27. The Incident occurred on June 25, 2025—more than three weeks after the June 1 date restricting the Vessel's location to "not south of Cape Hatteras, North Carolina."

28. The Incident occurred in Fort Lauderdale, Florida—over 600 miles south of Cape Hatteras, North Carolina.

29. Because the Vessel was not within the navigational limits at the time of the Incident, any hull claims arising from the Incident do not fall within the hull coverage grant of the Policy.

WHEREFORE, Accelerant respectfully requests a declaratory judgment in its favor that there is no coverage under the Policy for any claims brought by Defendants as a result of the Incident. Accelerant further requests any additional relief that the Court deems just and appropriate under the circumstances.

### COUNT II – DECLARATORY JUDGMENT THAT THE LOSS FALLS WITHIN THE NAVIGATIONAL LIMITS EXCLUSION

30. Accelerant realleges and reincorporates paragraphs 1-10 and 21-23 as if more fully set forth at length herein.

31. The Policy includes a provision stating that "[n]o coverage will be provided by this policy when the **insured yacht** is being used, stored afloat or ashore or navigated outside the navigational limits specified on the Declarations Page or by endorsement to this policy." *See* **Exhibit A**, p. 23.

32. The Policy's Declarations Page includes navigational limits as follows: "[d]uring the period of June 1 to November 1, both dates inclusive, navigation is restricted not south of Cape Hatteras, North Carolina." *See* **Exhibit A**, p. 3.

33. The Incident occurred on June 25, 2025—more than three weeks after the June 1 date restricting the Vessel's location to "not south of Cape Hatteras, North Carolina."

34. The Incident occurred in Fort Lauderdale, Florida—over 600 miles south of Cape Hatteras, North Carolina.

35. Because the Vessel was outside the navigational limits at the time of the Incident, any claims arising from the Incident fall within the Navigational Limits exclusion.

WHEREFORE, Accelerant respectfully requests a declaratory judgment in its favor that there is no coverage under the Policy for any claims brought by Defendants as a result of the

Incident. Accelerant further requests any additional relief that the Court deems just and appropriate under the circumstances.

## COUNT III – UBERRIMAE FIDEI

36. Accelerant realleges and reincorporates paragraphs 1-23 as if more fully set forth at length herein.

37. For hundreds of years, policies of marine insurance have been subject to the well-entrenched doctrine of *uberrimae fidei*, the duty of utmost good faith.

38. This duty requires that an insured fully and voluntarily disclose to the insurer all facts material to a calculation of insurance risk.

39. This duty extends even to material facts that are not specifically inquired into by the insurer.

40. The Policy, as one of marine insurance—and pursuant to the terms of its choice-of-law provision—is governed by the principle of *uberrimae fidei*.

41. During the application for the Policy, OA 45 represented the following:

    a. the Vessel would be permanently based in New Jersey as of April 2025;

    b. the Vessel had three (3) Mercury 600 engines; and

    c. the value of the Vessel was $657,500 based on the added $92,500 cost of the new engines.

42. However, Accelerant's post-loss investigation revealed that the Incident occurred at the end of June 2025 while the Vessel was in Fort Lauderdale, Florida, being repowered with new engines.

43. Thus, OA 45 misrepresented, omitted, and/or concealed the following:

8

a. that the repowering of the Vessel from quadruple engines to triple engines had not yet occurred;

b. that the repowering project would not be completed until the end of June 2025;

c. that the Vessel had not yet been fitted with the new engines valued at $92,500; and

d. that the Vessel would remain in Florida after April 2025.

44. When issuing the Policy, Accelerant relied on the information provided by OA 45 during the application process.

45. Accelerant, or no reasonably prudent and intelligent underwriter, would not have issued the Policy, would not have issued it at the same premium, or would not have issued it on the same terms and/or conditions, had it known any one or any combination of the facts set forth above.

46. Therefore, OA 45 breached the duty of *uberrimae fidei*, rendering the Policy void from its inception.

WHEREFORE, Accelerant respectfully requests declaratory judgment in its favor that OA 45 violated the doctrine of *uberrimae fidei*, that the Policy is void from its inception, and that, consequently, there is no coverage under the Policy for any claims brought by Defendants as a result of the Incident. Accelerant further requests any additional relief that the Court deems just and appropriate under the circumstances.

## COUNT IV – BREACH OF THE POLICY'S FRAUD & CONCEALMENT CONDITION

47. Accelerant realleges and reincorporates paragraphs 1-23 as if more fully set forth at length herein.

48. The Fraud and Concealment Condition the Policy provides that "This policy is null and void if **you** or **your** agent has omitted, concealed, misrepresented, sworn falsely, or attempted

9

fraud in reference to any matter relating to this insurance before, during or after any loss, damage or **occurrence**." *See* **Exhibit A**, p. 24.

49. During the application for the Policy, OA 45 represented the following:

   a. the Vessel would be permanently based in New Jersey as of April 2025;

   b. the Vessel had three (3) Mercury 600 engines; and

   c. the value of the Vessel was $657,500 based on the added $92,500 cost of the new engines.

50. However, Accelerant's post-loss investigation revealed that the Incident occurred at the end of June 2025 while the Vessel was in Fort Lauderdale, Florida, being repowered with new engines.

51. Thus, OA 45 misrepresented, omitted, and/or concealed the following:

   a. that the repowering of the Vessel from quadruple engines to triple engines, valued at $92,500, had not yet occurred;

   b. that the repowering project would not be completed until the end of June 2025; and

   c. that the Vessel would remain in Florida after April 2025.

52. When issuing the Policy, Accelerant relied on the information provided by OA 45 during the application process.

53. Accelerant or no reasonably prudent and intelligent underwriter, would not have issued the Policy, would not have issued it at the same premium, or would not have issued it on the same terms and/or conditions, had it known any one or any combination of the facts set forth above.

54.   Therefore, OA 45 breached the Fraud and Concealment Condition of the Policy, rendering the Policy null and void.

WHEREFORE, Accelerant respectfully requests judgment in its favor that OA 45 violated the Fraud and Concealment Condition of the Policy, that the Policy is void from its inception, and that consequently, there is no coverage under the Policy for any claims brought by Defendants as a result of the Incident. Accelerant further requests any additional relief that the Court deems just and appropriate under the circumstances.

Dated: New York, New York
October 8, 2025

**GALLO VITUCCI KLAR LLP**
*Attorneys for Petitioner,*

By: _____
James E. Mercante, Esq
Richard Gonzalez, Esq., LLM
*Mailing address:*
90 Broad Street, 12th Floor
New York, New York 10004
Telephone: (212) 683-7100
Email: Jmercante@gvlaw.com
Email: Rgonzalez@gvlaw.com
*Our File No.: RAJM-2025-011*